IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 8 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

JEAN NSABIMANA,                    §
                                   §
          Plaintiff,               §
                                   §
VS.                                §    NO. 4:11-CV-771-A
                                   §
DANIEL E. FOSTER, ET AL.,          §
                                   §
          Defendants.              §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On July 1, 2011, the above-captioned action was initiated by Jean Nsabimana against defendants, Daniel E. Foster ("Foster") and Wells Fargo Bank, N.A. ("Wells Fargo"), in the District Court of Tarrant County, Texas, 67th Judicial District.  By notice of removal filed October 28, 2011, Wells Fargo removed the action to this court, alleging that this court had subject matter

jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).[1]

Wells Fargo contended in the notice of removal that where, as here, a plaintiff seeks to enjoin foreclosure of real property, the value of the property at issue constitutes the amount in controversy because without judicial intervention, the plaintiff could be divested of all right, title, and interest to the property.  Because the Tarrant County Appraisal District showed the value of plaintiff's property at $136,600.00, Wells Fargo claimed it had established the amount in controversy.

Because of a concern that Wells Fargo had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on November 4, 2011, ordered Wells Fargo to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Wells Fargo timely complied with the court's order.

---

[1]Wells Fargo contended in the notice of removal that Foster was improperly joined and his citizenship should be disregarded for purposes of determining the court's diversity jurisdiction.

II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2]  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state

court petitions that are brought before this court by notices of removal in which the plaintiff make vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by Wells Fargo in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff contended that in conjunction with her purchase of the property at issue she executed a promissory note, payable to Mortgage Edge Corporation ("Mortgage Edge"), secured by a deed of trust naming Foster as trustee for the benefit of Mortgage Edge. Plaintiff further alleged that in February 2011 she received a notice of default from Wells Fargo, and in June 2011 she received a notice of acceleration and notice

of trustee's sale from Wells Fargo.  However, plaintiff claimed

she received no notification that the loan had been transferred

to any entity other than Mortgage Edge.  Although plaintiff

admitted that the property is encumbered by a lien in favor of

Mortgage Edge, she denied being in breach of any obligation to

Wells Fargo.  Plaintiff's allegations are tantamount to an

admission that while she disputes Wells Fargo's standing to

pursue foreclosure, any claims she may have to the property would

be subject to the note and deed of trust--admissions that are

inconsistent with a claim to outright ownership of the property.

Although plaintiff alleged that Wells Fargo is not the

holder of the original note and has no right to foreclose,

nothing in the petition could lead to the conclusion that

plaintiff is the holder of the original note, or that plaintiff

would be entitled to enjoin foreclosure and eviction by whoever

holds the original note.

Wells Fargo relies in part on Waller v. Professional

Insurance Corporation, 296 F.2d 545, 547-48 (5th Cir. 1961), to

support its contentions as to the amount in controversy.  This

6

court has previously explained its reasoning for finding <u>Waller</u>

inapposite to determining the amount in controversy in cases such

as the instant action, <u>see</u> <u>Ballew v. America's Servicing Co.</u>, No.

4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and

Wells Fargo has failed to persuade the court otherwise.

Wells Fargo also attempts to distinguish this court's

holdings in <u>Ballew</u>, and a similar case, <u>Kelley v. Wells Fargo</u>

<u>Bank N.A.</u>, No. 4:11-CV-074-A (N.D. Tex. Mar. 29, 2011).  Wells

Fargo argues that the plaintiff in <u>Ballew</u> sought to forestall

foreclosure until the plaintiff could inspect the original

promissory note and during the pendency of the lawsuit, while the

plaintiff in <u>Kelley</u> admitted that her ownership of the property

was subject to the terms of a note and deed of trust.  In both

cases, the court determined that the value to the plaintiff was

the amount of plaintiff's equity in the property.  Wells Fargo

argues that here, in contrast, plaintiff seeks to void the

contract in its entirety, by seeking to void the substitute

trustee's deed and obtain title to the property.

A comparison of the state court pleadings in <u>Ballew</u> and

Kelley with those in the instant action, however, reveals that in each case the plaintiffs sought to restrain the defendant from interfering with their use and possession of the property during the pendency of the action, and that in Kelley and the instant action both plaintiffs asked the court to quiet title in the plaintiff.  The court thus concludes that its reasoning in Ballew and Kelley is applicable to the instant action, and Wells Fargo has failed to persuade the court otherwise.

As the court has explained more fully in Ballew, Kelley, and other cases of a similar nature, determining the amount in controversy in a case where a plaintiff seeks to enjoin foreclosure of real property is not so simple as looking to the value of the property at issue.  The proper measure of the amount in controversy is the value to the plaintiff of the requested relief.  Garcia, 351 F.3d at 640 n.4.  Even if the court were to prohibit further attempts by Wells Fargo to foreclose on the property as plaintiff requests, plaintiff would still be subject to the terms of the note and deed of trust.  Thus, the value to plaintiff of such an order would be, at most, the value of her

equity in the property, not the value of the property itself.
Because there is no evidence of record indicating the amount of
plaintiff's equity, the court cannot tell that the amount in
controversy exceeds the required amount.[3]   As a result, the court
does not have subject matter jurisdiction, and the case must be
remanded.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby,
remanded to the state court from which it was removed.

SIGNED November 28, 2011.

_____
JOHN McBRYDE
United States District Judge

---

[3]Plaintiff's request for an order quieting title of the property in her forms a significant part of Wells Fargo's argument in support of the amount in controversy.  However, plaintiff's petition makes clear that she cannot obtain such relief as a matter of law because she admits that her ownership of the property was subject to the terms of a note and deed of trust.  Thus, the value to plaintiff of obtaining clear and uncontested title to the property does not factor in to the court's determination of the amount in controversy.